UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re
LEILANI ROSS,

Plaintiff,

v.

RICHARD M. KIPPERMAN, in his capacity as liquidating trustee of the Liquidating Trust of San Diego Hospice & Pallative Care,

Defendant.

Civil No. 14cv2236 JAH (JMA)

**ORDER GRANTING DEFENDANT KIPPERMAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT [Doc. No. 27]; DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AS MOOT [Doc. Nos. 28, 30]**

Pending before the Court is defendant Kipperman's motion to set aside entry of default and plaintiff Ross' motion and amended motion for default judgment. After a thorough review of the parties' submissions and for the reasons set forth below, the Court GRANTS defendant Kipperman's motion to set aside entry of default and DENIES plaintiff Ross' motion and amended motion for default judgment as MOOT.

**BACKGROUND**

On May 16, 2014, plaintiff Leilani Ross ("Ross") filed a complaint in the Superior Court of California, County of San Diego, against defendants San Diego Hospice & Palliative Care Corporation ("SDHP"), San Diego Hospice Foundation ("the Foundation"), and Richard M. Kipperman, as liquidating trustee of the Liquidating Trust of San Diego Hospice & Palliative Care ("Kipperman"). In September 2014, Ross filed a first amended complaint ("FAC") to add an additional cause of action. The FAC

contains eight causes of action: (1) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e); (2) violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981; (3) discrimination on the basis of race, ancestry, national origin in violation of Fair Employment and Housing Act ("FEHA"); (4) harassment on the basis of race, ancestry, national origin in violation of FEHA; (5) retaliation for complaining of discrimination; (6) failure to prevent discrimination and harassment in violation of FEHA; (7) wrongful termination in violation of public policy; and (8) violation of California Business and Profession Code § 17200. (Doc. Nos. 1-4.)

On September 19, 2014, SDHP removed the action to this Court. (Doc. No. 1.) On November 5, 2014, Kipperman was served with the summons and the FAC. (Doc. Nos. 9, 16.) On March 25, 2015, Ross filed a request for Clerk's entry of default, and the Clerk of Court entered default on March 26, 2015. (Doc. Nos. 25, 26.)

Kipperman filed the pending motion to set aside entry of default on April 20, 2015. (Doc. No. 27.) Ross filed an opposition on May 18, 2015 and Kipperman filed a reply on May 22, 2015. (Doc. Nos. 33, 34.) Ross filed a motion for default judgment on April 20, 2015, and filed an amended motion for default judgment on April 22, 2015 solely to give notice of a hearing. (Doc. Nos. 28, 30.) Kipperman filed an opposition on May 18, 2015 and Ross filed a reply on May 22, 2015. (Doc. Nos. 32, 35.) The hearing for the motions was originally set for June 1, 2015, but continued on the Court's own motion to June 15, 2015. (Doc. No. 36.) On June 15, 2015, the Court took the motions under submission without oral argument. (Doc. No. 37.)

## DISCUSSION

### I. Preliminary Issues

### A. Plaintiff's Request for Judicial Notice

In support of Ross' opposition to Kipperman's motion to set aside default, Ross requests the Court take judicial notice of eight documents: 1) Kipperman's website, found at http://www.corpmgt.com/about.html; 2) Kipperman's resume; 3) a printout from PACER reflecting sixty-nine Federal civil cases Kipperman has served as a party; 4) a

printout from PACER reflecting over 45,000 cases defendant Kipperman's has served as a party in various bankruptcy cases and bankruptcy adversary proceedings; 5) a chapter 11 post confirmation quarterly report for quarter ending March 31, 2014; 6) plaintiff Leilani Ross' declaration in support of the motion for default judgment; 7) Gail J. Higgins' declaration in support of the motion for default judgment; and 8) "a motion for authority to enter into settlement agreement with San Diego Hospice Foundation, Inc. and approval of related settlement agreement between San Diego Hospice Foundation, Inc. and Wells Fargo Bank, N.A.; memorandum of points and authorities and declaration of Kipperman in support thereof." (Doc. No. 33-4 at 1-3.)

Kipperman filed objections to Ross' request for judicial notice. (Doc. No. 34-1 at 3-6.) Specifically, Kipperman asserts that the documents are introduced for their truth and not properly subject to judicial notice. (Id.) Additionally, with respect to documents 1-5 and 8 above, Kipperman asserts that the documents are irrelevant to determining whether good cause exists to set aside the entry of default. (Id.)

Rule 201 of the Federal Rules of Evidence provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

With respect to documents 3 and 4, the Court GRANTS Ross' request for judicial notice pursuant to Rule 201 of the Federal Rules of Evidence on the grounds that the documents are publically available records not subject to reasonable dispute. The Court does not rely on documents 1, 2, 5-8 and therefore DENIES Ross' request as to these documents as MOOT.

**B.     Evidentiary Objections**

Both parties filed objections to the evidence submitted by the opposing party. Ross filed objections to portions of paragraphs 2, 7, 9-12, 15-16, 19 and 27 of Shauna Sinnot's declaration. (Doc. No. 33-7 at 1-6.) Kipperman filed objections to portions of paragraphs

17, 22, and 34 of Gail Higgin's declaration. (Doc. No. 34-1 at 2.)

With respect to paragraph 27 of Shauna Sinnot's declaration wherein the declarant discusses Kipperman's meritorious defense to Ross' claims, Ross objects on the grounds that the evidence lacks foundation and is inadmissible hearsay. Kipperman does not respond to this argument. Nevertheless, these objections are without merit because only factual allegations, not admissible evidence, is required at this stage to support a meritorious defense. See Results ByIQ, LLC v. NetCapital.com, LLC, No. C 11–0550 SC., 2012 WL 2838594, at *4 (N.D. Cal. July 10, 2012). Accordingly, Ross' objection to paragraph 27 of Shauna Sinnot's declaration is OVERRULED.

The Court finds it unnecessary to consider many of the other objected to portions of the declarations in making its determination on the motion. The declarations also include information not relevant to the Court's consideration of the motion. As such, to the extent the Court has not relied on the evidence that is subject to Ross' and Kipperman's objections, the objections are DENIED AS MOOT. However, in the few instances where the Court has relied on the evidence that is subject to the parties' objections, except as stated herein, this Court finds that the objections go to the weight and credibility of the evidence and not its admissibility. Ross' and Kipperman's objections are OVERRULED.

## II. Motion to Set Aside Entry of Default

### A. Legal Standard

Federal Rules of Civil Procedure 55(c) provides that for good cause shown the court may set aside the entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). When default judgment has not been entered, the Court analyzes a motion to set aside entry of default under the "good cause" standard of Rule 55(c) rather than the standard applied to setting aside a default judgment under Rule 60(b). See Hawaii Carpenters' Trust Funds v. Stone, 794 F. 2d 508, 513 (9th Cir. 1986) (noting a court considering a motion to set aside entry of default is free from the restraints of Fed.R.Civ.P. 60(b)). The discretion exercised by the court is especially

broad when "it is entry of default that is being set aside, rather than a default judgment." O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt. 783 F.2d 941, 945 (9th Cir. 1986))

Among the factors considered by a court in assessing whether "good cause" has been shown are: 1) whether the plaintiff would be prejudiced by the setting aside of the default; 2) whether the defendant has a meritorious defense; and 3) the defendant's culpability in the default. Id.; Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984). The underlying concern is to determine whether there is some possibility that the outcome of the action after a full trial will be contrary to the result achieved by the default. Hawaii Carpenters, 794 F.2d at 513. The factors are "disjunctive," meaning that a court "may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not to." See Brandt v. Am. Bankers Ins. Co. of Florida, 653 F.3d 1108, 1112 (9th Cir. 2011).

There is a strong preference for deciding cases on their merits, and therefore any doubts should be resolved in favor of setting aside the default. See Direct Mail Specialists v. Eclat Computerized Techs., 840 F.2d 685, 690 (9th Cir. 1988).

**B. Analysis**

Kipperman argues that the entry of default should be set aside because vacating the entry of default will not prejudice Ross, he has a meritorious defense, and the entry of default was not the result of any culpable conduct. (Doc. No. 27-1 at 5-6.) In response, Ross argues that Kipperman's motion fails because he cannot satisfy any of the factors establishing good cause to set aside an entry of default. (Doc. No. 33 at 13.) In reply, Kipperman repeats much of his arguments. (Doc. No. 34.)

**1. Prejudice**

Kipperman argues that Ross will not be prejudiced because her ability to pursue her claim has not been hindered. (Doc. No. 27-1 at 8-9.) In response, Ross argues that reopening the default would prejudice plaintiff because defendants are engaging in "gamemanship," avoiding settlement, and causing an exponential increase in attorneys'

fees. (Doc. No. 33 at 23.) Ross further contends that the delay that has already occurred in the case has caused all critical communication before 2012 to be unaccounted for and further delay will only increase the risk of fraud and collusion between SDHP and the Foundation. (Doc. No. 33 at 24.)

A plaintiff will be prejudiced if its ability to pursue the claim has been hindered since the entry of the default judgment by loss of evidence or otherwise. Falk, 739 F.2d at 463; TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696-97 (9th Cir. 2001), overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). For a delay to be prejudicial, it must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion rather than simply delaying the resolution of the case. TCI Grp., 244 F.3d at 701 (quoting Falk, 739 F.2d at 463). Being forced to litigate on the merits cannot be considered prejudicial because the plaintiff would have had to litigate the merits of the case had there been no default. Id.

The Clerk of Court entered default on March 26, 2015. (Doc. No. 26.) Less than one month later, on April 20, 2015, Kipperman filed the motion to set aside entry of default. (Doc. No. 27.) The Court finds that no harm is caused by this short delay. See e.g., Carroll v. Cnty. of San Diego, No. 13-CV-1256 JLS MDD, 2014 WL 4185530, at *4 (S.D. Cal. Aug. 21, 2014) (finding good cause in part because defendants filed their motion for relief less than one month after clerk's entry of default). Defendant Kipperman has litigated the case diligently by verifying discovery responses and attending the Early Neutral Evaluation ("ENE") conference on February 4, 2015. (Doc. Nos. 33-3 at 104; 34 at 5.) Ross was able to proceed to the ENE and with its discovery requests without delay.

Ross does not provide evidence for her belief that defendants are engaging in "gamemanship" by avoiding settlement. Moreover, it is unclear how any alleged collusion between SDHP and the Foundation is relevant here given that those defendants are not parties to the default. Accordingly, the Court finds that Ross' ability to pursue its claim

will not be hindered and no prejudice to Ross will result by setting aside the entry of default.

**2. Meritorious Defense**

Kipperman asserts the following three defenses: 1) he is not personally liable; 2) he can assert the same meritorious defenses asserted by SDHP in its answer; and 3) Ross' harassment claim is insufficient as a matter of law. (Doc. No. 27-1 at 7.) In response, Ross contends that Kipperman has failed to provide facts in support of a meritorious defense and Kipperman has failed to submit a proposed answer. (Doc. No. 33 at 22.) Ross also argues she has substantial evidence that the reason for her termination is pretext. (Doc. No. 33 at 21-22.)

The burden on a defaulted defendant to show that it has a meritorious defense "is not extraordinarily heavy." <u>TCI Grp.</u>, 244 F.3d at 700. To justify vacating a default a party must present the district court with specific facts constituting a defense. <u>Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.</u>, 375 F.3d 922, 926 (9th Cir. 2004) (citing <u>Madsen v. Bumb</u>, 419 F.2d 4, 6 (9th Cir. 1969)). A "general denial without facts to support it" is insufficient to justify vacating a default. <u>Id.</u> A defendant must "allege sufficient facts that, if true, would constitute a defense." <u>United States v. Signed Pers. Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085, 1094 (9th Cir. 2010) ("Mesle"). Whether factual allegations are true "would be the subject of the later litigation" and "is not to be determined by the court when it decides the motion to set aside the default." <u>Id.</u>

The Court finds that Kipperman has made some showing of a potentially meritorious defense. Notably, Kipperman argues that defendants had legitimate, non-discriminatory and non-retaliatory reasons for all adverse employment actions. (Doc. No. 27-1 at 8.) <u>See generally</u>, <u>Leong v. Potter</u>, 347 F.3d 1117, 1124 (9th Cir. 2003) (once plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for the employment decision"). Specifically, Kipperman contends that Ross was terminated due to her pattern of excessive and ongoing unscheduled absences. (Doc. No. 27-1 at 9.) In support of its argument,

defendant Kipperman sets forth at least eight dates where Ross was absent from work without an excuse. (Id.) Ross' assertion that these absences are merely pretextual is irrelevant at this stage of the proceedings where the Court is not determining the truth of the allegations. See Mesle, 615 F.3d at 1094. In light of the fact that the burden on defendant Kipperman is not particularly heavy, the Court finds that Kipperman has alleged sufficient facts that if true, present a potentially meritorious defense.

**3.     Culpability**

Kipperman argues that he is not culpable in the default because he was acting under the parties' agreement to extend the time for his response and the premise that the parties were agreeable to a stipulation related to Kipperman's involvement. (Doc. Nos. 27-1 at 7; 34 at 3-6.)

In response, Ross argues there are six reasons Kipperman is culpable for the default: 1) he had notice of the action, admitted to being a part of the case, and failed to follow Court rules; 2) he failed to seek an extension of time to respond to the FAC; 3) the record lacks evidence that the parties entered into an agreement or stipulation and even if there was an agreement, it cannot exculpate culpability; 4) any alleged agreement is not binding on the Court; 5) he is *per se* culpable because he is a sophisticated, professional litigant; and 6) all defendants and their counsel have exhibited bad faith since the case's inception because the Foundation evaded service of process, defendant's attorney stated she did not represent defendant Kipperman and then began to represent defendant Kipperman, and SDHP cannot locate critical evidence in the case. (Doc. No. 33 at 14-21.)

A defendant's conduct is culpable when he has "no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Grp., 244 F.3d at 698. A defendant may be found culpable if it has "received actual or constructive notice of the filing of the action and *intentionally* failed to answer." Id. at 697 (emphasis in the original). The term "intentionally" does not mean a court can treat a defendant as culpable "simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such

as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." Mesle, 615 F.3d at 1092 (internal quotations omitted).  "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional.'" TCI Grp., 244 F.3d at 697-98.  Such conduct is not necessarily culpable or inexcusable, although it may be "once the equitable factors are considered." Id.

With respect to Ross' first argument, there is no dispute that Kipperman received actual notice of the filing of the action.  Under Mesle, if Kipperman is, as Ross contends, a sophisticated litigant, a Court may assume culpability based solely on his default.  However, the Court finds that such an assumption is not warranted here for reasons discussed below.  See Mesle, 615 F.3d at 1093 ("When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions *may* be assumed, and with it, intentionality") (emphasis added).  Therefore, the issue is whether defendant Kipperman intentionally failed to answer.

Notwithstanding the issues regarding representation, the series of e-mail communications that occurred between the parties from October 2014 to March 2015, supports Kipperman's explanation that he neglected to answer because he was acting under an informal agreement to extend time to answer as well as a stipulation removing the necessity of an answer.  Although Ross argues that an agreement never existed (doc. no. 33 at 20), Ross admits she proposed to extend the deadline to answer (doc. no. 33 at 11). The e-mails further evidence that up until March 13, 2015, the parties were amenable to a stipulation voiding the necessity of any answer. (Doc. No. 33-3 at 42.)  Even if Kipperman is a sophisticated litigant, the existence of the agreement or stipulation contemplated by the parties would have obviated the consequences that legally sophisticated parties are held to understand.  See e.g., Mesle, 615 F.3d at 1093. Thus, the Court finds that Kipperman's explanation of the default appears to be candid and credible.

Moreover, Kipperman's attendance at the ENE and his later participation in discovery matters mitigates against bad faith and evidences an intent to defend against suit and comply with the judicial process, rather than an attempt to interfere with judicial decision making or manipulate the legal process.

The Court is also not convinced by Ross' argument that the Foundation's alleged evasion of service evidences bad faith supporting the default. (Doc. No. 33 at 25-26.) Kipperman is not an agent for service of process for the Foundation. (Doc. No. 11.) Kipperman was served by way of substituted service on November 5, 2014 (doc. no. 16) and the record lacks evidence that Kipperman made any attempts to evade service of process. Similarly, the record lacks evidence that Kipperman somehow caused SDHP's alleged spoilation of critical evidence in the case. Accordingly the Court finds that, on balance, Kipperman has demonstrated a good faith explanation for the default and is not culpable.

However, even if the Court were to find that Kipperman was culpable in his default, the Court still has discretion to set aside default and decide the case on the merits. See Brandt, 653 F.3d at 112 (a court "may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not to"); see also Direct Mail, 840 F.2d at 690. The strong preference in favor of resolving cases on the merits, the examination of the Falk factors, and the entire record in this matter evidence that good cause exists to set aside the entry of default.

//

//

//

//

//

//

//

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Kipperman's motion to set aside the clerk's entry of default (doc. no. 27) is **GRANTED**;

2. Plaintiff Ross's motion and amended motion for default judgment (doc. nos. 28, 30) is **DENIED AS MOOT**; and

3. Defendant Kipperman is directed to respond to the First Amended Complaint within 20 days of this Court's order.

Dated: July 28, 2015

JOHN A. HOUSTON
United States District Judge